UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOLORES MACIAS, | Case No. CV 09-3426-TJH(AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| MARY LATTIMORE AND MATTHEW CATE, | AND WITH LEAVE TO AMEND |
| Respondent. | |

Petitioner, who is represented by counsel, filed petition for writ of habeas corpus by a person in state custody. For the following reasons, the petition is dismissed without prejudice and with leave to amend.[1]

To begin with, the petition, which challenges petitioner's 1994 murder conviction, is successive. Petitioner previously filed a federal habeas petition in this Court challenging her 1994 conviction. Macias v. Farmon, Case No. CV 97-4662-FMC(AJW). That petition was denied on the merits.

A federal court must dismiss a second or successive petition that

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition..."

raises the same claims as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court also must dismiss a second or successive petition raising a new claim unless the petitioner can show (1) that the claim rests on a new constitutional rule made retroactive to cases on collateral review or (2) that the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition qualifies for exceptional treatment. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition."). Therefore, petitioner is required to ask the Court of Appeals for an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, this Court lacks jurisdiction to consider the petition, and the petition must be dismissed without prejudice to petitioner's right to seek permission to file a second or successive petition from the United States Court

of Appeals for the Ninth Circuit.[2]

In addition, as pleaded, the petition does not present a cognizable claim for relief. The petition alleges the following claims for relief: (1) the trial court violated petitioner's due process rights by deciding issues outside the scope of the order to show cause; and (2) the trial court violated petitioner's due process rights by ruling that the petition was untimely. [Petition at 5].

A state prisoner may seek a writ of habeas corpus in federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, the essence of habeas corpus is an attack by a person in custody upon the legality of that custody. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). A claim alleging error during a state habeas proceeding is an attack on a proceeding collateral to the one that resulted in custody, not on the proceeding that resulted in custody itself, and therefore is not the type of claim that is contemplated by 28 U.S.C. § 2254. <u>Mitchell v. Wyrick</u>, 727 F.2d 773, 774 (8th Cir.), <u>cert</u>. <u>denied</u>, 469 U.S. 823 (1984). Thus, alleged errors in the state post-conviction collateral review process are not cognizable in a federal habeas corpus proceeding. <u>Gerlaugh v. Stewart</u>, 129 F.3d 1027, 1045 (9th Cir. 1997), <u>cert</u>. <u>denied</u>, 525 U.S. 903 (1998); <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 1012 (1989). As pleaded, petitioner's allegations do not attack the validity of her conviction or sentence. Rather, they

---

[2] If petitioner has obtained the necessary authorization from the Court of Appeals, then she should so indicate in her amended petition and attach a copy of the authorization as an exhibit to her amended petition.

1  attack the state court collateral proceedings. As such, they fail to
2  present a cognizable federal claim.
3      Based upon the foregoing deficiencies, the petition is dismissed
4  without prejudice and with leave to amend. Petitioner shall, within
5  14 days of the date of this order, file either (1) a request for
6  voluntary dismissal of the petition without prejudice[3] or (2) an
7  amended petition curing the deficiencies noted above. If petitioner
8  elects to file an amended petition, the petition shall be filed <u>on the
9  forms provided by the Clerk</u> and shall bear the case number CV 09-3426-
10 TJH(AJW). In particular, the amended petition must include information
11 regarding any authorization to file a successive petition that
12 petitioner has received from the Ninth Circuit Court of Appeals, and
13 must set forth cognizable federal claims for relief.

---

22  [3]  Petitioner should carefully note the possible application of the statute of limitations contained in 28 U.S.C. § 2244(d). The AEDPA imposed a one-year statute of limitation on habeas petitions filed by state prisoners. <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1065 (9th Cir. 2004); <u>Redd v. McGrath</u>, 343 F.3d 1077, 1082-1083 & n. 8 (9th Cir. 2003). The time during which a properly filed application for collateral review, for instance a state habeas petition, is pending is excluded from the one-year time limit. <u>See</u> 28 U.S.C. § 2244(d)(2). However, the time during which a federal petition is pending is not excluded. <u>Duncan v. Walker</u>, 533 U.S. 167, 174-175 (2001). Nothing in this order should be construed as expressing an opinion as to the timeliness of any future federal petition.

Petitioner is cautioned that failure to respond to this order by filing either the request for dismissal or an amended petition within the time provided may result in the dismissal of this case.

Dated: May 29, 2009

_____
Andrew J. Wistrich
United States Magistrate Judge